IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:06CR3095 |
| Plaintiff, ) | |
| ) | |
| vs ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| JEFFREY E. HOOVER, ) | |
| ) | |
| Defendant. ) | |

As experienced lawyers, counsel know that I give a set of preliminary jury instructions at the beginning of criminal cases. Those instructions include "Exhibit A" which is a brief description of the elements of the crime and, where appropriate, a brief description of important sentencing elements. Because the nature of this case (possession of a firearm during and in relation to a drug trafficking crime) is unusual in the government also alleges that the defendant murdered two people, I want the lawyers to advise me whether they have any objection to my proposed "Exhibit A. Therefore,

IT IS ORDERED that by 3:00 PM on Friday, May 18, 2007 the parties shall affirmatively state in a pleading filed with the court whether there is any objection to "Exhibit A" which is attached to this memorandum and order. If they object, they shall submit a brief detailing their objection and shall propose alternative language.

May 16, 2007.                                   BY THE COURT:

                                                *s/Richard G. Kopf*
                                                United States District Judge

### *Exhibit A*

The superseding indictment in this case charges the defendant, JEFFREY H. HOOVER, with two crimes, which are designated as Count I and Count II.

### *Count I*

In this count, the government alleges a violation of **Title 18, United States Code, Sections 924(c)(1) and 924(j).** It is a crime to knowingly possess a firearm during and in relation to a drug trafficking crime. In addition, where death results during such a crime, an increased sentence must be imposed under certain circumstances. Therefore, there are two parts to your decision on Count I.

### *Part 1–The Crime*

The elements of the crime which the government must prove beyond a reasonable doubt are as follows:

**One:** On or about June 9, 1997, in the District of Nebraska, the defendant committed the crime of knowingly and intentionally attempting to possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance;

**Two:** The defendant knowingly possessed a firearm in furtherance of that crime.

### *Part 2–Sentencing Factor*

If, but only if, you find the defendant guilty of the crime set forth above, you will then be asked to determine whether the government has proven beyond a reasonable doubt that the defendant murdered Harold Fowler as a part of the crime described above.

In order to prove that the defendant murdered Harold Fowler as a part of the crime described above, the government must prove beyond reasonable doubt that the defendant, with malice aforethought, did unlawfully kill Harold Fowler by shooting him with the firearm willfully, deliberately, maliciously, and with premeditation (as those terms are defined in the instructions I give you at the end of the case).

### *Count II*

In this count, the government alleges a violation of **Title 18, United States Code, Sections 924(c)(1) and 924(j)**. It is a crime to knowingly possess a firearm during and in relation to a drug trafficking crime. In addition, where death results during such a crime, an increased sentence must be imposed under certain circumstances. Therefore, and just like Count I, there are two parts to your decision on Count II.

### *Part 1–The Crime*

The elements of the crime which the government must prove beyond a reasonable doubt are as follows:

**One:** On or about June 9, 1997, in the District of Nebraska, the defendant committed the crime of knowingly and intentionally attempting to possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance;

**Two:** The defendant knowingly possessed a firearm in furtherance of that crime.

### *Part 2–Sentencing Factor*

If, but only if, you find the defendant guilty of the crime set forth above, you will then be asked to determine whether the government has proven beyond a reasonable doubt that the defendant murdered Duane Johnson as a part of the crime described above.

In order to prove that the defendant murdered Duane Johnson as a part of the crime described above, the government must prove beyond reasonable doubt that the defendant, with malice aforethought, did unlawfully kill Duane Johnson by shooting him with the firearm willfully, deliberately, maliciously, and with premeditation (as those terms are defined in the instructions I give you at the end of the case).

2