IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3095 |
| | ) | |
| V. | ) | |
| | ) | MEMORANDUM |
| JEFFREY E. HOOVER, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

I have consulted with counsel regarding the preliminary jury instructions. In particular, I held a telephone conference with them at approximately 2:30 p.m. this afternoon. After considering their oral and written comments, I have redrafted Exhibit A, attach it herewith, and provide it to counsel for their consideration over the weekend. They should be prepared to discuss it with me on Monday morning.

In particular, I make the following observations:

* I agree with the government and the defendant that the words "carry or use" (or some variation of the tense of those words) should be substituted for the word "possess."

* The government advises me orally that absent the murder allegation, the statute of limitations may have run against a simple 924(c) violation. Based upon that advice, I conclude that the murder allegation should be described as an element of the crime in the preliminary jury instructions.

* I have read United States v. Wallace, 447 F.3d 184 (2nd Cir. 2006) (holding that two convictions for use of a firearm during the course of a drug trafficking offense were unauthorized multiple convictions for a single unit of prosecution). Notwithstanding Wallace, I will not collapse Counts I and II of the superseding indictment *without* a specific request from the defendant. More fundamentally, and unlike Wallace where the same victim (Torres) was

the subject of both counts, it is not clear to me that the facts of this case will establish that both murders were "inseparably intertwined" within the meaning of Wallace. At the conclusion of the trial, we can better address this issue. Next, I am not sure that Wallace is good law in the Eighth Circuit and the government has not yet had a fair opportunity to research this issue. Finally, there will be no prejudice to the defendant in using the preliminary instruction even if I decide to include both murders in one instruction at the conclusion of the trial.

\* The defendant is correct that there are multiple forms of murder and multiple forms of manslaughter. However, the superseding indictment appears to charge only first degree murder in both counts. Until and unless the defendant explicitly consents to a "lesser included" jury charge and submits appropriate proposed instructions, I am unwilling to make such an election for him (assuming that he has the right to make such an election). Once again, at the conclusion of the trial, we can better address this issue.

Accordingly,

IT IS ORDERED that attached hereto is the court's revised version of Exhibit A. Counsel shall be prepared to advise me of their views regarding revised Exhibit A on Monday morning. I thank them for their continued professionalism.

May 18, 2007.    BY THE COURT:

*s/ Richard G. Kopf*
United States District Judge

*Exhibit A*

The superseding indictment in this case charges the defendant, JEFFREY E. HOOVER, with two crimes, which are designated as Count I and Count II.

## *Count I*

In this count, the government alleges a violation of **Title 18, United States Code, Sections 924(c)(1) and 924(j)**.  It is a crime to knowingly carry or use a firearm during and in relation to a drug trafficking crime.  In addition, where death results during such a crime, an increased sentence must be imposed under certain circumstances.

The elements of the crime which the government must prove beyond a reasonable doubt are as follows:

**One:** On or about June 9, 1997, in the District of Nebraska, the defendant committed the crime of knowingly and intentionally attempting to possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance;

**Two:** The defendant knowingly carried or used a firearm in furtherance of that crime; and

**Three:** The defendant, with malice aforethought, did unlawfully kill Harold Fowler by shooting him with the firearm willfully, deliberately, maliciously, and with premeditation (as those terms are defined in the instructions I give you at the end of the case).

## *Count II*

In this count, the government alleges a violation of **Title 18, United States Code, Sections 924(c)(1) and 924(j)**.  It is a crime to knowingly carry or use a firearm during and in relation to a drug trafficking crime.  In addition, where

death results during such a crime, an increased sentence must be imposed under certain circumstances.

The elements of the crime which the government must prove beyond a reasonable doubt are as follows:

**One:** On or about June 9, 1997, in the District of Nebraska, the defendant committed the crime of knowingly and intentionally attempting to possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance;

**Two:** The defendant knowingly carried or used a firearm in furtherance of that crime; and

**Three:** The defendant, with malice aforethought, did unlawfully kill Duane Johnson by shooting him with the firearm willfully, deliberately, maliciously, and with premeditation (as those terms are defined in the instructions I give you at the end of the case).